IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

```
UNITED STATES OF AMERICA    )
                            )    CRIMINAL ACTION NO.
     v.                     )       2:25cr390-MHT
                            )           (WO)
MICHAEL JERMAINE THOMPSON   )
```

### ORDER

This cause is before the court on the motion to continue trial filed by defendant Michael Jermaine Thompson. For the reasons set forth below, the court finds that jury trial now set for October 27, 2025, should be continued pursuant to 18 U.S.C. § 3161(h).

While the granting of a continuance is left to the sound discretion of the trial judge, *see United States v. Stitzer*, 785 F.2d 1506, 1516 (11th Cir. 1986), the court is limited by the requirements of the Speedy Trial Act, 18 U.S.C. § 3161. The Act provides in part:

> "In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the

>defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs."

§ 3161(c)(1). The Act excludes from the 70-day period any period of delay resulting from any continuance based on "findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial," § 3161(h)(7)(A). In granting a continuance under subsection (h)(7)(A), the court may consider, among other factors, whether the failure to grant the continuance "would be likely to ... result in a miscarriage of justice," § 3161(h)(7)(B)(i), or "would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence," § 3161(h)(7)(B)(iv).

The court concludes that the ends of justice served by granting a continuance outweigh the interest of the

2

public and Thompson in a speedy trial. Defense counsel was appointed only recently, on September 18, 2025, and needs time to review the discovery documents to prepare adequately for trial. Thompson is facing three charges, one of which carries a mandatory-minimum sentence. *See* Indictment (Doc. 1) at 1 (citing 18 U.S.C. § 924(c)(1)(A)(i)). Accordingly, the court concludes a continuance is warranted to allow a reasonable time for defense counsel to prepare for trial and advocate effectively on behalf of his client. Also, the government does not oppose a continuance.

***

Accordingly, it is ORDERED as follows:

(1) Defendant Michael Jermaine Thompson's unopposed motion to continue trial (Doc. 16) is granted.

(2) The jury selection and trial for defendant Oliver, now set for October 27, 2025, are continued to November 17, 2025, at 10:00 a.m., in Courtroom 2FMJ of

3

the Frank M. Johnson Jr. United States Courthouse Complex, One Church Street, Montgomery, Alabama.

The United States Magistrate Judge shall reset pretrial deadlines as necessary.

DONE, this the 29th day of September, 2025.

                               /s/ Myron H. Thompson
                               **UNITED STATES DISTRICT JUDGE**